# U. S. Rolling Stock Co. *v.* Clark & Co.

*Motion to retax Sheriff's Commissions in Attachment Case.*

1. *Commissions of sheriff, on settlement without sale.*—When an attachment case is settled without a sale of the property levied on, the half commissions to which the sheriff is entitled (Code, § 3687) are to be estimated, not on the amount claimed in the affidavit and complaint, but on the amount paid and accepted on the settlement.

APPEAL from the City Court of Anniston.
Tried before the Hon. B. F. CASSADY.

H. C. TOMPKINS, and J. J. WILLETT, for appellant.

CALDWELL & JOHNSTON, *contra.*

WALKER, J.—The attachment in this case was sued out for the sum of twelve thousand dollars. The amount really due to the plaintiff was less than four thousand two hundred dollars. That amount was paid by the defendant to the plaintiff before judgment. In taxing the costs, the sheriff was allowed commissions on twelve thousand dollars, and

[U. S. Rolling Stock Co. v. Clark & Co.]

the Circuit Court refused to reduce this item, or to order
the commissions to be taxed only on the amount really due
and paid.    The following is the provision fixing the sheriff's
commissions in such a case: "When an attachment is by
him levied on personal property, which is replevied, or the
cause is settled without a sale, he is entitled to one half the
commissions upon the amount of the demand sued for,
allowed him for making money on execution, to be paid by
the party paying such demand, or replevying such property."
Code, § 3687.    The word "demand," as used in this statute,
does not mean the amount claimed, or the damages laid in
the attachment affidavit, or in the complaint.    It means
what the plaintiff was entitled to require the defendant to
pay.    In ordinary legal usage the words "debt and "de-
mand" are of kindred meaning, but the latter word is a term
of much more comprehensive signification than the former.
The term "debt" imports a sum of money owing upon a
contract, express or implied; while the term "demand" em-
braces rightful claims, whether founded upon a contract, a
tort, or a superior right of property.—*In re Denny*, 2 Hill
(N. Y.), 220; *Drews v. Coles*, 2 Tyrw. 510.    The statute which
enumerates the classes of "demands" for which attachments
may issue, in the first place, authorizes the issue of the writ
"to enforce the collection of a debt;" next, "for any moneyed
demand, the amount of which can be certainly ascertained."
Code of 1886, § 2929.    In such connection, the meaning of
the words "debt" and "demand" is plain.    They are used to
describe certain classes of rights of action.    Neither of them
covers anything more than what is due to the plaintiff in
attachment—the amount which he is entitled to recover.
We think it is plain that the phrase, "the amount of the de-
mand," as used in the statute fixing the sheriff's com-
missions when the attachment suit is settled, means the
amount which the plaintiff was entitled to be paid by the
defendant.    To construe these words as requiring the com-
missions to be calculated on the amount claimed by the
plaintiff, regardless of what was really due, would result in
putting it in his power to defeat one of the purposes of the
statute.    It was evidently intended by the statute to secure
to the defendant the right to save costs by discharging his
liability, or by replevying the property, before a sale of it
under the writ.    If the plaintiff could swell the commissions
to be paid by the defendant on a settlement, merely by
making an extravagant claim, then the defendant, by paying
all that was confessedly due, might become chargeable with
a larger sum for the sheriff's commissions than if he had

allowed the execution of the writ to proceed; and if, as in the present case, the plaintiff had claimed more than twice as much as was really due, the one-half commissions on the amount of the claim would be more than the whole commissions which would be payable if there had been no settlement, but the property had been sold under the writ and the plaintiff had recovered judgment for all that was really due. It was never intended to give the plaintiff in attachment the power to make it a positive disadvantage to the defendant to discharge his liability, or to replevy the property before a sale. A construction of the statute involving such a result is unreasonable, and is not required by the language used. The one-half commissions of the sheriff should have been computed on the amount which was really due, and which was paid by the defendant to the plaintiff.

Reversed and remanded.