[Morrow v. Rosenstihl Bros.]

# Morrow v. Rosenstihl Bros.

*Action to recover Commissions paid to Sheriff under Protest.*

1. *Statutes providing fees and costs penal; must be strictly construed.* The statutes providing for fees of officers and costs in proceedings, are penal in their nature, and must be strictly construed.

2. *Commissions of sheriff, on the settlement of attachment suit without sale.*—When an attachment suit is settled without a sale of the property levied upon, the fact that the plaintiff remitted a part of his just claim against the defendant in attachment, can not deprive the sheriff of his half commissions allowed him under the statute (Code, § 3687) on the full amount of the plaintiff's claim, when it is shown that the defendant in attachment was liable for such amount, and that upon a sale of the property under the levy the proceeds would have been sufficient to have paid such claim.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

The facts of the case are sufficiently stated in the opinion.

DANIEL A. GREENE, for appellant.—1. When an attachment is levied by the sheriff on personal property, which is replevied, or the cause is settled without a sale, he is entitled to one-half the commissions upon the amount of the demand sued for, allowed him for making money on execution, to be paid by the party paying such demand, or replevying such property, &c.—Code, § 3687 ; *U. S. Rolling Stock Co. v. Clark & Co.*, 95 Ala. 322.

2. The sheriff's right to commissions accrues "on account of his levy."—Murphree on Sheriffs, §§ 1068, 1074, 1075 ; *Sturges v. L. & W. R. R. Co.*, 27 N. J. L. 424 ; *Hildreth v. Ellice*, 1 Caine, 192 ; *Bolton v. Lawrence*, 9 Wend. 435 ; *Parsons v. Bowdoin*, 17 Wend. 14 ; *Barron v. Tart*, 18 Ala. 668.

3. The rule settled above applies as well to attachments as executions. New York whose statute is almost identical with ours settles this.—N. Y. Rev. Statutes, (7th ed.) Vol. IV, § 3307, p. 685 ; *Woodruff v. Imp. Fire Ins. Co.*, 90 N. Y. 521, s. c. 27 Hun. 229 ; *Pritchard v. Bank of California*, 51 Barb. 184.

4. In order to entitle the sheriff to this commission, there need not be an actual payment of money, but any settlement by which the cause is settled without a sale of the property levied on entitles the sheriff to his commissions.—*Sturges v. L. & W. R. R. Co.*, 27 N. J. L. 424; *Keel v. Larkin*, 72 Ala. 493; Murphree on Sheriffs, §§ 1068, 1074; *Parsons v. Bowdoin*, 17 Wend. 14; *Brassell v. Williams*, 51 Ala. 349; *Moore v. Briggs*, 15 Ala. 24; *Pearson v. Williamson*, 15 Ala. 700.

CABANISS & WEAKLEY, *contra.*—1. The statutes allowing fees and costs are penal and must be strictly construed.—Code, § 3665; *Rome & Decatur R. R. Co. v. Sibert*, 97 Ala. 398; *U. S. Roll. Stock Co. v. Clark*, 95 Ala. 322; *T. & C. R. R. R. Co. v. East Ala. R. R. Co.*, 81 Ala. 94; *Kahn v. Locke*, 75 Ala. 332; *State v. Brewer*, 59 Ala. 130; *Tillman v. Wood*, 58 Ala. 578; *City Council v. Foster*, 54 Ala. 62; *Dent v. State*, 42 Ala. 514; *Lee v. Smyley*, 16 Ala. 773; *Mastin v. Cullom*, 28 Ala. 670; *Peck v. Bank*, 51 Mich. 353; *German Bank v. Morris Coal Co.*, 68 N. Y. 585; *Wynne v. Mississippi &c. R. Co.*, 45 Ala. 569; *Dawson v. Grafflin*, 84 N. C. 100.

2. If there be a reasonable doubt as to whether the officer is entitled to the fee claimed by him, the doubt must be resolved in favor of the party of whom the fee is claimed and against the officer.—Authorities cited under proposition 1, above stated.

3. "Clerks, sheriffs and other officers in this chapter named are entitled to receive for the services therein mentioned the fees to such services respectively, annexed and no more, to be taxed, paid and collected in the manner directed by the provisions of this Code."—Code, § 3681.

HARALSON, J.—It is provided by statute in this State, that the law of fees and costs must be held to be penal, and no fee must be demanded or received except in cases expressly authorized by law.—Code, § 3665. Statutes giving fees and costs are not to be construed beyond their letter, but strictly, for the reason, as has been declared, that such statutory allowances are in the nature of a penalty.—*Dawson v. Matthews*, 105 Ala. 485; *Tillman v. Wood*, 58 Ala. 578.

It is to be admitted, then, that unless the appellant

brings himself within the letter of the statutes on the subject of allowances of fees to sheriffs, he is not entitled to the commissions he charged in this case, which were paid to him under protest, and for which he is here sued. To do this, he refers to section 3687 of the Code, which provides, among other things, that a sheriff is entitled for collecting money under executions, to five per cent for the first hundred dollars, four per cent for the second hundred, and for all sums over two hundred dollars, to three per cent; and in connection with this provision, we are referred to that other, which reads : "When an attachment is by him levied on personal property, which is replevied, or the cause is settled without a sale, he is entitled to one half the commissions upon the amount of the demand sued for, allowed him for making money on execution, to be paid by the party paying such demand, or replevying such property," &c. It has been settled, that the word "demand" as used in this statute, is not the amount claimed in the affidavit and complaint, but the amount really due,—what the plaintiff was entitled to require the defendant to pay, and which was paid and accepted on the settlement.— *U. S. Rolling Stock Co. v. Clark & Co.*, 95 Ala. 322. In several of the States it is provided, that when an execution is settled without a sale, the sheriff is to have one-half of the amount of percentage which is allowed in cases of sale, and the construction given to such statutes is, that when a levy has been made and the debt paid to the plaintiff, or otherwise settled by the parties without a sale, the officer is entitled to his half commissions. This allowance, as has been well said, "is made for the trouble, care, and risk of the officer in discovering and leying upon the property of the defendant, and its safe keeping for the purpose of a sale, and receiving the payment of the amount due. Having taken the necessary measures to levy upon and secure the property, it would be unjust to deprive him of all compensation."—*Sturges v. Lackawana & W. R. R. Co.*, 27 N. J. Law, (3 Dutcher) 424; Murphy on Sheriffs, §§ 1068, 1074, 1075. And under the law of this State, as it existed in 1841, which allowed a sheriff half commissions for levying an execution "when sale was stayed by injunction or *supersedeas*, or not sold for want of bidders, or other cause," (Clay's Dig., 235), it was held, that his right to commissions

attached upon the making of the levy, and became a part of the costs of the case, and could not be divested afterward, even upon a repeal of the law allowing the commissions.—*Barron v. Tart*, 18 Ala. 668.

In the case before us, the facts, as agreed on, were that an attachment was issued on the 5th of February, 1894, from the city court of Birmingham, in favor of one Smith against the appellees, for the sum of $5,625, for rent due and to become due, but the greater part of which was not yet due. The attachment was levied the same day, by the appellant, as sheriff, on the stock of goods, furniture and fixtures on the rented premises, which were of value sufficient to cover the amount claimed in the attachment. After the levy of the attachment, it was duly returned to the court, and the property remained in the possession of the sheriff under the levy, until 2d of April, 1894,—no replevy having been made of them. Meantime the suit was settled between the parties without a sale of the property levied on. "The plaintiff remitted a part of the rent that was then not due by reducing the monthly rental. The defendant paid a portion of the past due rent, and agreed to pay the balance, and executed a lease and notes for the reduced future rental. It was further agreed that upon this settlement, the plaintiff, Jos. R. Smith, Jr., should dismiss his suit, and that the defendants, Rosensthil Bros., should pay the costs accruing by reason of the issuance and levy of said attachment. In accordance with the terms of the settlement, the plaintiff took a nonsuit in said cause, on April 2d, 1894. The plaintiffs, Rosensthil Bros., then tendered to the defendant all his costs except the said amount of $85.87, claimed by him as commissions, and demanded the delivery of the property to him. The sheriff claimed said amount, as the one-half commissions allowed by law, on the demand sued for, when the cause is settled without a sale, and refused to release the levy and surrender the goods until such amount was paid." Plaintiffs, denying the right of the sheriff to any commissions, paid the sum claimed under protest, and brought this suit to recover it back from the sheriff. How much of the debt for rent due and to become due was remitted, is not stated, but, that the debt sued for, which the plaintiff had the right to recover by an enforcement of his landlord's lien was $5,625,

[Morrow v. Rosenstihl Bros.

is not denied, nor is there any dispute as to the amount of the commissions to which the sheriff was entitled, if to any,—the contention being, on the part of the plaintiffs below, that he was entitled to none, under the facts stated. The court rendered judgment for the plaintiffs for the amount claimed with interest.

Applying these facts to the principles of law, as we have above stated them, it seems clear, that the sheriff was clearly within the letter and spirit of the statute. The statute is emphatic, that when an attachment is levied by a sheriff on personal property, and the cause is settled without a sale, he is entitled to one-half of the commissions upon the amount of the demand sued for, or that was really owing, as are allowed in a case for making money on execution. That the matter was arranged and settled between the plaintiff in attachment and defendants, was of no concern to the sheriff. What was done between the parties must be regarded as a settlement between them within the meaning of the statute. The sheriff could, thereafter, proceed no further. The attachment had been settled without a sale, and its operation suspended by act of the parties, after he had done that for which the statute provides he shall receive a stipulated compensation. That the plaintiff in the suit remitted a part of his just claim, and took another lease, did not have the effect to deprive the sheriff of his commissions.—*Sturges v. L. & W. R. R. Co.*, 27 N. J. Eq. 424, *supra*. If the plaintiff had let him alone, he would have sold the property,—as the admission of the parties as to its value tends to show,—for an amount sufficient to pay the whole of the plaintiff's claim in that suit. By the terms of the settlement, appellees, defendants in attachment, agreed to pay the costs accruing by reason of the issuance and levy of said attachment. The plaintiffs in this suit were not entitled to a judgment, but the defendant was. The judgment rendered must be reversed, and one will be here rendered in favor of appellant, the defendant below.

Reversed and rendered.