283 So.2d 603

**HAWLEY FUEL CORPORATION,**
a Delaware corp.

v.

**BURGESS MINING AND CONSTRUCTION CORP.**

**SC 473.**

Supreme Court of Alabama.

Sept. 13, 1973.

Rehearing Denied Oct. 25, 1973.

Frank Dominick, Birmingham, for appellee.

Stone, Patton & Kierce, Bessemer, for appellant.

FAULKNER, Justice.

This is an appeal from an order of the Circuit Court of Jefferson County, Bessemer Division, overruling appellant's motion to retax the costs. Title 11, § 77, Code of Alabama, 1940, Recompiled 1958.

On January 16, 1973, Burgess filed suit against Hawley, claiming $159,805.62. Upon appropriate affidavit a writ of attachment was issued by and under which approximately 15,693 tons of coal, owned by Hawley, located at Port Osborne on the Warrior River, was attached. The process of attachment was performed by the sheriff.

The Burgess claim against Hawley was settled for the sum of $111,185.81, which sum was paid to Burgess by Hawley. As a part of the settlement the cause was to be dismissed by Burgess, costs taxed against Hawley, and the coal to be released from attachment.

On January 25, 1973, the court issued its order dismissing the cause and taxed the cost against Hawley. Simultaneously therewith, Burgess authorized the clerk and the sheriff to release the coal from attachment.

A portion of the costs amounting to $2,416.52 was claimed by the sheriff as commissions. This amount was assessed by the clerk and was based on the amount sued for in the complaint ($159,805.62). Hawley filed its motion to retax the costs, which was overruled by the court.

Title 11, § 34, Code of Alabama, 1940, Recompiled 1958, governs commissions to be paid the sheriff for attachment of personal property, which reads in part:

"When an attachment is by him levied on personal property, which is replevied, or the cause is settled without suit, he is entitled to one-half of the commissions upon the amount of the demand sued for, allowing him for making money on execution, to be paid by the party paying such demand, or replevying such property; and, if such demand is afterwards collected upon execution, or other final process he must receive only one-half of the commissions; . . ."

The question is whether the commissions (which must be paid to the county) are to be computed on the basis of the amount sued for here ($159,805.62) or the amount in settlement ($111,185.81).

This court has construed that the word "demand" as used in this statute does not mean the amount claimed or the damages laid in the attachment affidavit, or in the complaint. It means that which the plaintiff is entitled to have the defendant pay; the amount settled for. United States Rolling Stock Co. v. Clark & Co., 95 Ala. 322, 10 So. 917 (1891); Morrow v. Rosenstihl Bros., 106 Ala. 198, 17 So. 608 (1894). Demand in this case is the amount accepted and paid in settlement. Therefore, the commissions will be based and computed on the amount of $111,185.81, the amount settled for without a trial of the case on its merits.

We construe the clause "the cause is settled without suit" to mean without a trial on the merits. To attach any other meaning to the language of the legislature would be unreasonable. When construing a statute this court must look to the context, spirit, and the whole, to reach the true intent of the legislature. State ex rel. Ellis v. Griggs, 227 Ala. 681, 151 So. 850 (1933); Age-Herald Publishing Co. v. Huddleston, 207 Ala. 40, 92 So. 193 (1921).

Reversed and remanded.

HEFLIN, C. J., and MERRILL, HARWOOD, and MADDOX, JJ., concur.