The State Personnel Board (the "Board") appeals from a judgment of the circuit court requiring it to conduct a hearing on a "citizen complaint" lodged against a State merit system employee.
Section 36-26-27, Ala. Code 1975, provides two ways by which a merit system employee may be disciplined or dismissed from his or her employment: (a) by the "appointing authority"; and (b) by a process begun with a "citizen complaint." Subsection (b) of § 36-26-27 provides:
 "Charges may be filed by an officer, citizen or taxpayer of the state with the [state] director [of personnel] who shall, within five days, cause a copy to be served upon the person complained against and shall set a day not less than 10 nor more than 20 days after such charges have been served on such employee for a public hearing of such charges. This hearing may be before the director, a special agent appointed for the purpose by the director or the board itself. If before the director or a special agent, the director or special agent shall take testimony offered in support and denial of such charges and from the same submit to the board, within five days, a finding of facts and law involved and a recommended decision. The board at its next regular or special meeting shall consider said report and modify, alter, set aside or affirm said report and certify its findings to the appointing authority who shall forthwith put the same into effect. If the board hears such charges indirectly or requires the transcribing and submission of the testimony taken before the director or special agent, it shall make up and file its own findings and decision. The decision of the board based upon its records and the testimony shall be final."
On September 22, 1995, Alvin T. Prestwood and James M. Sizemore filed charges, pursuant to § 36-26-27(b), against Michael Mason, a merit system employee of the Department of Revenue (the "Department"), alleging that Mason had attempted to intimidate witnesses in a disciplinary hearing before the Department. Within the time limits prescribed by the statute, the Board served the charges on Mason, scheduled a hearing, and appointed a special agent to conduct the hearing. The special agent notified all parties to submit position statements on the issue of the Board's jurisdiction to hear the complaint.
After considering the position statements and oral arguments submitted, the special agent decided that
 "these charges involve misconduct that is so clearly within the disciplinary prerogative of the appointing authority that the charges should be deflected to that official."
The special agent recommended to the Board that it "dismiss the charge against Michael Mason without prejudice and with the suggestion that the complainants submit their charge to the employer, Commissioner of Revenue." That recommendation was based on the following reasoning by the special agent: subsection (a) of § 36-26-27 should take priority over subsection (b) of § 36-26-27 because "the responsibility of discipline of employees should primarily be vested in the employer/appointing authority." The Board adopted the special agent's recommendation and dismissed the charges against Mason.
Prestwood and Sizemore appealed to the circuit court pursuant to § 41-22-20(b), Ala. Code 1975, a part of the Alabama Administrative Procedure Act. The circuit court reversed *Page 178 
the order of the Board and remanded the matter to the Board for a hearing in accordance with the provisions of § 36-26-27(b). The circuit court's order, in pertinent part, states the following:
 "The Board argues that it has the authority to determine its jurisdiction over a matter and, in fact, here found it had jurisdiction. This Court agrees that the Board had subject matter jurisdiction of the charges brought and the only question is whether its decision to dismiss, without prejudice, was correct.
 "Sec. 36-26-27, Code, provides two separate methods for dismissal or removal of a classified employee. Hilyer v. Blackwell, 377 So.2d 1090
(Ala.Civ.App. 1979). Sec. 36-26-27(a), Code, governs dismissal of an employee by the appointing authority and Sec. 36-26-27(b), Code, provides for an additional method for removal which is instituted by a citizen or taxpayer filing the charges.
 "The wisdom of the legislation or the obscurity of the act is not for this Court to address. The Legislature chose to provide two separate methods for removal or discipline of an employee and Sec. 36-36-27(b), Code, clearly provides that charges may be brought by citizens or taxpayers. It should be noted that [Prestwood and Sizemore] are the attorneys for a co-employee of [Mason,] the person against whom the charges were filed. However, the charges were brought in their capacity as citizens and taxpayers and not as private attorneys. Furthermore, the Board did not find [that Prestwood and Sizemore] lacked standing to bring the charges because of any conflict due to the attorney/client relationship. Thus, this is not an issue before this court.
 "This appeal was taken pursuant to Sec. [41]-22-20, Code, of the Alabama Administrative Procedure Act ('AAPA'). The Court is mindful that its review is limited in scope; however, it may determine whether an agency acted within its statutory powers, whether its action was arbitrary and the correctness of the hearing officer's conclusions of law. State Dep't of Human Resources v. Funk, 651 So.2d 12 (Ala.Civ.App. 1994). Sec. 36-26-27(b), Code, clearly provides for removal of an employee by a taxpayer/citizen filing charges. The Court, having considered the matter, is of the opinion that the Board did not follow its statutory mandate and that dismissal of the charges was an improper and arbitrary application of the law.
 "Wherefore, it is hereby ORDERED that the Order of November 14, 1995, of the State of Alabama Personnel Board is reversed and this matter is remanded to it for further hearing in accordance with the provisions of Section 36-26-27(b), Code of Alabama."
(Emphasis in original.)
Relying on Fraternal Order of Police, Strawberry Lodge # 40v. Entrekin, 294 Ala. 201, 314 So.2d 663 (1975), the Board argues that it and the Department had concurrent jurisdiction to hear the complaint against Mason, but that the Department had primary jurisdiction to deal with its own employee, and thus that the Board correctly deferred to the Department to act first. Prestwood and Sizemore reply by arguing that the Board was not authorized to defer to the Department because, they contend, the statute establishes an "absolute mandate" for the Board to hold a hearing.
In Entrekin, our supreme court stated that the doctrine of primary jurisdiction exists to promote proper relationships between courts and administrative agencies. In that case, the supreme court held that when a court and an agency have concurrent jurisdiction of a controversy, "the court may decline judicial relief pending administrative review" if it finds that one or more of the following factors are present:
 "administrative review of the controversy will promote uniformity and consistency in the application of the pertinent statutes, rules and regulations; agency expertise is required; and initial agency review will materially assist the court upon later review."
294 Ala. at 211, 314 So.2d at 671.
The Board acknowledges that Entrekin concerned a court and an administrative agency, rather than two administrative agencies, *Page 179 
but it argues that because the Board performs a quasi-judicial function, it is analogous to a court for purposes of applying the doctrine of primary jurisdiction. The Board therefore maintains that it can, and often should, decline review of a § 36-26-27(b) controversy concerning an employee until the employing agency has had an opportunity to investigate the controversy. The Board argues that, unless it is authorized to defer some controversies to the employing agency, it will be inundated with frivolous complaints, for example, complaints from "prisoners claiming maltreatment, . . . anti-government whackos, . . . or other such aberrations."
The Board's argument concerning primary jurisdiction is flawed. It is true that the Board performs some quasi-judicial functions. "The legislature clearly has the power and authority to invest the agencies of its creation with powers of a judicial nature." Ex parte Baxley, 494 So.2d 30, 31 (Ala. 1986). However, unlike a circuit court, which has general plenary jurisdiction, see Ala. Const. 1901 Amend. 328, § 6.01, but which may choose, for prudential reasons, to limit the exercise of its jurisdiction — the Board has only the jurisdiction granted to it by the legislature. Accordingly, when the legislature directs the Board to exercise its jurisdiction in a certain matter, the Board has no discretion to decline the exercise of that jurisdiction.
We cannot agree with the Board's argument that subsection (a) of § 36-26-27 should take priority over subsection (b) of §36-26-27, and therefore that "the responsibility of discipline of employees should primarily be vested in the employer/appointing authority." In § 36-26-27, the legislature clearly provided two ways in which a merit system employee could be disciplined or dismissed: by the appointing authority, or by a citizen complaint. There is no indication in the statute that either way is to take priority over the other, or that either way is dependent upon the other. Instead, it appears that the legislature meant for each way to have an independent field of operation. The legislature could have determined that it was advisable, for any number of reasons (including bias, fear of reprisals, etc.), to provide a means for the filing of citizen complaints that were not seen by the employing agency, but were handled by a neutral body such as the Board.
In the absence of clear legislative intent to the contrary, the word "shall" is to be afforded a mandatory connotation when it appears in a statute. Prince v. Hunter, 388 So.2d 546
(Ala. 1980). See also Ex parte Brasher, 555 So.2d 192
(Ala. 1989). The repeated use of the word "shall" in §36-26-27(b), as well as the declaration of what appear to be mandatory time limits, indicate that the Board has no discretion about whether to hear a "citizen complaint."
Although we sympathize with the Board's concern about frivolous complaints, we are not at liberty to enlarge or restrict the jurisdiction of an administrative agency. "If restrictions upon [an administrative agency's] jurisdiction are needed, the legislature must enact them; such changes cannot be made by this court." State Ins. Dep't v. Howell,614 So.2d 1053, 1056 (Ala.Civ.App. 1992).
The judgment of the circuit court is affirmed.
AFFIRMED.
YATES, MONROE, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in the result.