THOMPSON, Judge.
Glen Bendolph, Cynthia Lesueur, James Walters, and Harvey Radcliff (hereinafter collectively referred to as the “employees”) were merit-system employees of the Alabama Department of Mental Health and Mental Retardation (hereinafter “the Department”). Each one’s employment was terminated by either a regional director or a facility director of the Department.[1] The employees were terminated on different dates. The Department concedes that each of the employees timely appealed the termination of his or her employment to the State Personnel Board (hereinafter “the Board”) pursuant to § 36-27-27(a), Ala.Code 1975.[2] In the employees’ appeals, the only issue raised was whether a regional director or a facility director, as opposed to the Mental Health and Mental Retardation Commissioner, could validly terminate the employment of Department employees.
The Board consolidated the employees’ appeals. On June 16, 1999, the Board upheld the termination of each employee, finding that the facility director and the regional director had the authority to dismiss the employees from their respective employments. On July 10, 1999, the employees collectively appealed to the circuit court (hereinafter the “trial court”), pursuant to § 41-22-20, Ala.Code 1975. On November 21, 2000, the trial court reversed the Board’s decision and held that the employees were entitled to back pay “for the period between the dates of the initial letters of termination and the amended letters containing the authorization of the [Mental Health and Mental Retardation] Commissioner.”[3] The Department ap *56 pealed to this court pursuant to § 41-22-21, Ala. Code 1975.
The Department argues that the trial court erred in reversing the decision of the Board and in holding that the employees had been impermissibly dismissed from their employment.
The Merit System Act, § 36-26-1 et seq., Ala.Code 1975, defines “appointing authority” as “[t]he officer, board, commission, person or group of persons having the power to make appointments to offices or positions of trust or employment in the state service.” § 36-26-2(1), Ala.Code 1975. Section 36-26-27(a), Ala.Code 1975, provides, in part, that “[a]n appointing authority may dismiss a classified employee [4] whenever he considers the good of the service will be served thereby, for reasons which shall be stated in writing, served on the affected employee, and a copy furnished to the director.... ”
The Mental Health and Mental Retardation Commissioner may authorize administrators or directors to select staff members and employees. § 22-50-16, Ala. Code 1975. The Board found that the facility director and the regional director, because each had the authority to hire, pursuant to § 22-50-16, each was an “appointing authority” under the definition set forth in § 36-26-2(1). We agree. The employees concede that if the facility director and the regional director are appointing authorities pursuant to § 36-26-2(1), then, applying only the Merit System Act, the regional director and the facility director for the Department would have the authority, under § 36-26-27(a), to terminate the employment of a merit-system employee. The employees argue, however, that by enacting § 22-50-16, Ala.Code 1975, the Legislature curtailed the authority of appointing authorities of the Department to terminate the employment of Department employees.
In construing a statute, courts must determine and give effect to the intent of the Legislature in enacting the statute. Norfolk S. Ry. v. Johnson, 740 So.2d 392 (Ala.1999); IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344 (Ala.1992). All sections of a Chapter must be considered in pari materia in determining “the meaning of certain language that is, when viewed in isolation, susceptible to multiple reasonable meanings.” Ex parte Alfa Fin. Corp., 762 So.2d 850, 853 (Ala.1999). See also Harris v. Louisville & N. R.R., 237 Ala. 366, 186 So. 771 (1939). The intent of the Legislature in enacting legislation determines which of the conflicting provisions in a statutory scheme applies. Hawley Fuel Corp. v. Burgess Mining & Constr. Corp., 291 Ala. 546, 283 So.2d 603 (1973). Courts ascertain the intent of the Legislature from the language contained in the statute, as well as from the reason and necessity for the statute and the goals the Legislature was seeking to accomplish in enacting the statute. McGuire Oil Co. v. Mapco, Inc., 612 So.2d 417 (Ala.1992); Ex parte Birmingham Bd. of Educ., 601 So.2d 93 (Ala.1992).
The Code section in dispute in this action is § 22-50-16, Ala.Code 1975, which defines the powers of the Mental Health and Mental Retardation Commissioner as follows:

“Mental Health and Mental Retardation Commissioner.

“The Governor shall appoint the Mental Health and Mental Retardation Commissioner.... The said Mental *57 Health and Mental Retardation Commissioner so appointed shall appoint all officers and employees of the department or he may authorize any superintendent, division or bureau head, or other administrator to select with his approval all staff members and employees, and shall fix the salaries of the officers and employees of the Mental Health and Mental Retardation Department, without regard to any limitation established by law, unless such law passed hereafter shall refer to the particular officer or employee of the Mental Health and Mental Retardation Department. ... The Mental Health and Mental Retardation Commissioner shall exercise supervision over all the officers and employees of the Mental Health and Mental Retardation Department and should any such officer or employee fail to perform faithfully any of the duties which are lawfully prescribed for him, or if he fails or refuses to observe or conform to any rule, regulation, or policy of the Mental Health and Mental Retardation Department, the Mental Health and Mental Retardation Commissioner may remove him from office.”
§ 22-50-16, Ala.Code 1975 (emphasis added). The employees argued that in enacting § 22-50-16, which provides that the Mental Health and Mental Retardation Commissioner “may remove” an employee from office, the Legislature intended that only the Mental Health and Mental Retardation Commissioner, and not other appointing authorities, possesses the authority to terminate the employment of merit-system employees of the Department. The trial court agreed with the employees’ interpretation of § 22-50-16. On appeal, the Department argues that § 22-50-16 does not create a conflict with those provisions of the Merit System Act allowing an appointing authority to terminate an employee’s employment and that the employees’ dismissals were in sufficient compliance with § 36-26-27, Ala.Code 1975; therefore, the Department argues the trial court erred in refusing to uphold the employees’ dismissals.
The act governing the operation and powers of the Department provides, in part, that the Mental Health and Mental Retardation Commissioner “may” terminate the employment of an employee. See § 22-50-16. However, that act also provides that the Mental Health and Mental Retardation Commissioner may delegate the selection and hiring of Department staff and employees. § 22-50-16.
The trial court’s interpretation of § 22-50-16 requires that the word “only” be inserted at the beginning of the last clause in that section; under that interpretation, the section would be construed as reading “[only] the Mental Health and Mental Retardation Commissioner may remove [an employee] from office.” The Legislature has in no way indicated that it intended such a construction of the statute, or that it intended in any way to limit the authority of the various appointing authorities within the Department with regard to the termination of employees. There is no indication that by enacting § 22-50-16, the Legislature intended to treat the Department differently from other State agencies or departments subject to the Merit System Act by limiting its authority to delegate the termination of employees under the Merit System Act.
In fact, § 22-50-11, which governs the general powers of the Department, expressly provides that the employees of the Department, like other state employees, “shall” be governed by the rules and regulations of the Personnel Merit System, § 36-26-1 et seq., Ala.Code 1975. § 22-50-11(19), Ala. Code 1975. “In the absence of *58 clear legislative intent to the contrary, the word ‘shall’ is to be afforded a mandatory connotation when it appears in a statute.” State Personnel Bd. v. Prestwood, 702 So.2d 176, 179 (Ala.Civ.App.1997) (citations omitted).
If the Legislature had intended to limit the authority, provided in the Merit System Act, of the Department’s supervising employees to hire and terminate Department employees, it could have expressly limited that power. However, § 22-50-16 does not contain an express limitation on the authority of the Department to delegate hiring and termination authority to its administrative supervisors. We conclude that the language of § 22-50-16 does not limit the mandatory application of the Merit System Act to the Department employees in such a way that only the Mental Health and Mental Retardation Commissioner, and not other appointing authorities, may dismiss an employee from his employment.
We note that the employees cite Chavers v. State Personnel Bd., 357 So.2d 662 (Ala.Civ.App.1978), arguing that that case supports the trial court’s judgment. However, the facts of that case are distinguishable from the facts of this case. In Chav-ers v. State Personnel Bd., the supervisor who terminated the plaintiffs employment was not an “appointing authority” as that term is defined at § 36-26-2(1), Ala.Code 1975. The Merit System Act provides that an appointing authority may terminate the employment of a merit-system employee. § 36-26-27(a), Ala.Code 1975. This court reversed the trial court’s judgment upholding the State Personnel Board’s dismissal of the plaintiff, holding that because the plaintiffs supervisor was not an appointing authority, he did not have the authority to terminate the plaintiffs employment pursuant to § 36-26-27(a). Chavers v. State Personnel Bd., supra. In this case, the employees were dismissed by either a regional director or a facility director, both of whom were “appointing authorities” as that term is defined in § 36-26-2(1). Thus, Chavers v. State Personnel Bd., supra, is not dispositive of this case.
We conclude that in enacting § 22-50-16, the Legislature did not intend to limit the authority of the regional director and the facility director, as appointing authorities, to terminate, pursuant to the provisions of the Merit System Act, the employment of employees of the Department. See § 36-26-2(1) and § 36-26-27(a), Ala. Code 1975. Therefore, we conclude that the facility director and the regional director each had the authority to dismiss the employees. The judgment of the trial court reversing the decision of the Board and ordering that the employees receive backpay is.reversed. We remand this action for the trial court to enter a judgment consistent with this opinion.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY, PITTMAN, and MURDOCK, JJ., concur.

. Bendolph and Radcliff were each terminated for their alleged mistreatment of residents at Department facilities. Lesueur was terminated for her alleged abuse of a patient and for poor job performance. Walters's employment was terminated for insubordination and poor job performance.

. Although the employees have characterized their appeals as “motions to review [a] letter of termination,” it is clear that these "motions” were appeals taken pursuant to § 36-26-27(a), Ala.Code 1975.

.The record does not indicate the date of the amended termination letters signed by the Mental Health and Mental Retardation Commissioner.

. A "classified” employee is a merit-system employee. See State Pers. Bd. v. Prestwood, 702 So.2d 176 (Ala.Civ.App.1997).