423 P.2d 485

**Beth M. WARDELL, Plaintiff and Appellant,**

**v.**

**Harvey R. JERMAN and David A. Jerman, a minor, Defendants and Respondents.**

**No. 10554.**

Supreme Court of Utah.

Jan. 30, 1967.

Woodrow D. White, Salt Lake City, for appellant.

Hanson & Baldwin, Salt Lake City, for respondents.

CROCKETT, Chief Justice:

Plaintiff, Beth M. Wardell, seeks recovery for personal injuries sustained in a collision between her family automobile, in. which she was a passenger, and a pickup truck driven by the defendant, David A. Jerman, at the intersection of 7th East and Springview Drive (3190 South), Salt Lake City. From a jury verdict of no cause of action she appeals..

Plaintiff contends that she was entitled to recover as a matter of law; and that the trial court erred in submitting to the jury each of these issues: defendant's negligence, contributory negligence of herself and of her husband as driver, and even if the latter were negligent, whether it should be imputed to the plaintiff.

We reiterate and emphasize that upon appeal we review the evidence and all inferences the jury could reasonably draw therefrom in the light most favorable to the sustaining of their verdict.[1]

On the evening of March 20, 1964, the plaintiff, with her husband, Harold Wardell accompanying her, drove from their home in Draper to the Western Union Telegraph Office in Salt Lake City to send a telegram. As she got out, her husband moved over to the driver's seat. After her return he continued to drive. They proceeded southward toward home along 7th East (an arterial street) at a moderate speed of about 35 miles per hour. Upon approaching the intersection of that street with Springview Drive he flipped on his left-turn signal. He avers he did not intend to turn east on Springview Drive, but at the next intersection south, 33rd South Street. Meanwhile he had observed the defendants' car approaching from the south with its left-turn signal on. He saw it as it was nearing the end of the left-turn island, but did not see

1. Howe v. Jackson, 18 Utah 2d 269, 421 P.2d 159.

it again until just the instant before he collided with it in the intersection. This accords with the fact that the only skid marks were about three feet in length, apparently left by the plaintiff's right front tire. Meanwhile, as defendant approached the intersection from the south, he had slowed down to about 15 miles an hour, turned on his left-turn signal and proceeded to turn left when he was struck broadside by the plaintiff.

### Defendant's Negligence

Plaintiff bases her contention that the defendant should be held guilty of negligence as a matter of law on the proposition that in traveling straight her car had the right of way over the defendant, who made a left turn in front of her. It is true that if all other factors are excluded, she would have the right of way over any left turner close enough to constitute an immediate hazard. But right of way does not exist thus in isolation and is not absolute. Other factors must be considered. It would not be at variance with reason for the jury to have visualized the situation thus: that the plaintiff's left-turn signal was turned on so early that it lead the defendant to believe that plaintiff was going to turn at this intersection; that the defendant reasonably could place some reliance on this

indication and assume safety in making his own left turn; that the defendant's conduct was thus within the standard of due care under the circumstances; and no more at fault than was plaintiff in causing the accident.

### Contributory Negligence

In response to the accusation of contributory negligence, plaintiff points to her claimed right of way; that she was not in the left-turn lane, but in the proper lane for continuing straight travel, and that her left-turn light was activated the required 100 feet before the intended turn at the next intersection, 33rd South Street. Assuming these facts, they are not a conclusive defense to the accusation. Neither the compliance with a statute or ordinance, nor with the requirements of due care in some particulars, confers any immunity upon a party from the duty of exercising due care in other respects.[2] This includes the duty of maintaining a proper lookout for other traffic and hazards reasonably to be anticipated on the highway, and of keeping one's car under proper control, in regard to which the jury reasonably may have thought the plaintiff was at fault.

In summary, with respect to the questions of the negligence of the defendant, the contributory negligence of the plaintiff,

---

2. We have recently pointed out in two cases that even where a person goes into an intersection with the traffic light in his favor, he is not relieved from observing other aspects of due care. See

Howe v. Jackson, footnote 1 above; Badger v. Clayson, 18 Utah 2d 329, 422 P.2d 665; cf. statement in Prosser, Torts, 3d Ed. p. 205.

and whether they proximately caused or contributed to the accident, we are in accord with the view taken by the trial court: that there is a basis in the evidence upon which reasonable minds might find either way on each of those issues. They were therefore properly submitted to the jury; and we have found no substantial error in the instructions by which this was done.

### Agency of Driver

What we have said about the submission to the jury of the issues discussed above is also applicable to the plaintiff's contention that any negligence of her husband should not prevent her recovery. The trial court correctly submitted that issue to the jury and instructed them that unless they found that he was driving as her agent, any negligence on his part would not be imputable to her.

It is our opinion that the parties have had what they were entitled to: an opportunity to present their evidence and their contentions to a court and jury and have had a fair trial upon the issues. That being so, the presumptions are in favor of the validity of the verdict and the judgment. No error is shown which is prejudicial in the sense that in its absence there is a reasonable likelihood that there would have been a contrary result.[3]

Affirmed. Costs to defendants (respondents).

CALLISTER, TUCKETT and HENRIOD, JJ., concur.

McDONOUGH, J., heard the arguments but died before the opinion was filed.

---

3. See Hales v. Peterson, 11 Utah 2d 411, 360 P.2d 822.