This is an appeal from a judgment rendered after a jury verdict for the plaintiff, Harrison, for $125,000 against three defendants; Lilly Pearl Johnson, Johnson Insurance Agency, Inc., and Auto-Owners Insurance Company. Johnson Insurance Agency was awarded $100,000.00 on its cross-claim against Auto-Owners Insurance Company. We reverse
Paul Harrison, a contractor from Vernon, Alabama, obtained from Lilly Pearl Johnson of Johnson Insurance Agency, a workmen's compensation insurance policy. This insurance was required before he could get a contracting job with the City of Saltillo, Mississippi, to construct sewer lines. He was issued a policy from Auto-Owners Insurance Company. Harrison testified he told Mrs. Johnson he wanted a policy that would cover him on a job in Mississippi; however, the policy issued by Auto-Owners only applied to Alabama. In other words, it covered Harrison's employees as long as the employment contract was made in Alabama. Harrison hired two workers from Vernon and a third worker was hired via telephone from Vernon, to begin work on a project in Saltillo, Mississippi. He began *Page 339 
work on the project on January 30, 1978, and had 180 calendar days to complete the job. Work progressed until April 24, 1978, when an accident occurred in which one worker was killed and two others were injured. Harrison submitted a claim to Mrs Johnson on his Auto-Owners policy. Auto-Owners paid the funeral expenses of the deceased worker and made compensation payments to the injured workers. When a question of policy coverage arose, Auto-Owners ceased making payments and canceled the policy
Harrison then filed suit against the appellants claiming they had negligently failed to issue a policy that covered his work in Mississippi, that they breached an oral contract to supply such coverage, that defendants wrongfully denied coverage under the policy issued and as a result he suffered damages. Harrison amended his complaint to seek a declaratory judgment that the appellants were liable for any liability he might incur as a result of the accident. Johnson Insurance Agency filed a cross-claim against Auto-Owners claiming they wrongfully denied coverage under the policy and were estopped from denying such coverage
Error is alleged in the failure of the trial court to excuse Mrs. Mildred Brown, an employee of Johnson Insurance Agency, from the rule. Excluding or excusing witnesses from the rule is a matter left largely to the discretion of the trial judge. The trial judge's rulings as to the rule will only be reversed where there is a gross abuse of discretion. Nationwide MutualInsurance Co. v. Smith, 280 Ala. 343, 194 So.2d 505 (1966). No abuse of discretion occurred in this case. Mrs. Johnson, who was the president of Johnson Insurance Agency, was present with counsel for Johnson Insurance Agency during the trial. There was testimony to the effect that Harrison dealt with Mrs Johnson and that she was aware of Harrison's dealings with Johnson Insurance Agency. Hence, counsel was provided with more than adequate assistance even though Mrs. Brown was not allowed to be present during the trial
Appellants contend that the appellee's counsel improperly injected the poverty of Mr. Harrison into the case. The alleged error occurred during the direct examination of Mr. Harrison, the pertinent portions of which are set out below
Q (By Mr. Strawbridge) Can you finish the job, Paul?
MR. DAVIDSON: We object to that
THE COURT: Sustained
 Q (By Mr. Strawbridge) Let me ask you this: Has your equipment been repossessed?
MR. DAVIDSON: We object to that
THE COURT: What grounds?
 MR. DAVIDSON: That is not a measure of damages in this lawsuit
 MR. STRAWBRIDGE: Your Honor, it is a measure — Liquidated damages are a measure of damages in this lawsuit, and we have a right to show that he cannot go back and finish the job
MR. HUDSON: Same objection
THE COURT: I will overrule that
 Q (By Mr. Strawbridge) Have you had any machinery repossessed?
MR. DAVIDSON: We object again for the record
MR. HUDSON: Same objection
 Q (By Mr. Strawbridge) Have you completed the job, Paul — Are you out of business, Paul?
MR. DAVIDSON: We object to that
THE WITNESS: Yes
MR. HUDSON: Same objection
 MR. STRAWBRIDGE: This is the element of our damages. He is out of business. If we cannot prove this, we cannot prove any damages
There was testimony by Mr. Harrison that he was being assessed $25 per day as liquidated damages due to his failure to complete the project within 180 calendar days
Although generally any references to the wealth or poverty of a party are not permissible, such may be relevant and admissible when it goes to a material issue in the case. The general rule was set forth in Barnes v. Sand Mountain ElectricCooperative, 40 Ala. App. 88, 108 So.2d 378 (1958), as *Page 340 
follows: "Ordinarily, unless directly involved in the determination of the measure of damages, the financial status of parties involved in litigation is immaterial, and evidence to such effect is improper." In Alabama Water Service Co. vWakefield, 231 Ala. 112, 163 So. 626 (1935), it is stated: "Obviously, injury to a going business may arise from depriving the party of facilities for its operation, or putting an extra burden of labor and expense upon its operation, although no definite loss of profits can be shown." Hence, since the questions asked of Mr. Harrison went to the issue of damages, the court did not commit any error in allowing them
Appellants' next assignment of error is that the amount of the verdict is out of proportion with the damages proved. In examining this contention it is first necessary to determine the amount of damages that Harrison would have been entitled to if he proved the allegations of his complaint. Harrison presented three grounds for recovery in his complaint; breach of contract, negligence in procuring insurance coverage and wrongful denial of coverage. Based upon the facts presented for review, only compensatory damages would have been recoverable under the breach of contract and negligence counts because there is no basis for awarding punitive damages. As for the wrongful denial of coverage claim, it has been referred to in previous cases as the tort of "bad faith." Vincent v. BlueCross-Blue Shield of Alabama, Inc., 373 So.2d 1054 (Ala. 1979) A majority of the court in Vincent, indicated such a tort action might be recognized in appropriate circumstances. The jury was not given instructions on this new theory of recovery and consequently no damages under it could be allowed. As a result, the only damages that Harrison would be entitled to upon proper proof, would have been compensatory in nature. The only damages that were actually proved at trial were his loss on the contract, liquidated damages assessed for failure to complete the job, and attorney's fees that Harrison incurred as a result of the suit filed against him by one of his injured employees in Mississippi. There was evidence that Harrison had suffered a loss to his business as a result of the defendant's acts; however, there was no evidence as to the amount of such damage. The rule has long been established that the party claiming damages has the burden of establishing the existence of and amount of those damages by competent evidence. Smith vRichardson, 277 Ala. 389, 171 So.2d 96 (1965). The award of damages cannot be made upon speculation, and the plaintiff has the burden of offering evidence tending to show to the required degree, the amount of damages allegedly suffered. GreatAmerican Insurance Co. v. Railroad Furniture Salvage of Mobile,Inc., 276 Ala. 394, 162 So.2d 488 (1964). There was also testimony to the effect that Harrison had purchased materials and equipment that were not paid for due to the acts of defendants, but there was no testimony as to the amount of the loss
We do not refer to the above mentioned damages to pass on their validity in such an action, but merely to show that there was inadequate proof of their existence to allow the jury to consider them in their verdict
As to the liquidated damages, there was evidence that they had been assessed against the plaintiff since August 28, 1978 Hence, from August 28, 1978, until the date of trial, October 3, 1979, $10,000 in liquidated damages would have accrued at the rate of $25 per day
The attorney's fees incurred by Mr. Harrison in his defense of the suit filed against him in Mississippi were $1,220, which was uncontradicted
In regards to the damages Harrison incurred as a result of his failure to complete his contract with the City of Saltillo, Mississippi, Harrison testified the job was 95% complete. Mr Fred Payne, who was employed by the engineers responsible for inspecting the job Harrison was awarded, testified that Harrison had been paid $109,531.27 under the contract which had a total price of $150,770. The amount of $12,170.14 had been retained under the terms of the contract to be paid upon completion and *Page 341 
hence $121,701.41 had been earned under the contract by Harrison but not paid. There remained to be paid under the contract a total of $29,068.59. However, 5% of the job remained to be completed; therefore, Harrison would have incurred additional expenses in completing the job. Subtracting 5% of Harrison's total cost of the job (approximately $125,000) or $6,250, would leave a total of $22,818.59 to be paid Harrison To this total would be added the $12,170.14 he had already earned under the contract which would mean Harrison had lost $34,988.73 on the contract as a result of the defendants' action. Hence, total proven damages would be approximately:
 liquidated damages $10,000.00 attorney's fees 1,220.00 loss on contract 34,988.73 ___________ Total $46,208.73
The jury's award of $125,000 to Harrison is clearly excessive when compared to proven damages. We do not imply that the above computation of damages is exact or that this is all the damages that Harrison actually suffered. We merely use the computation to illustrate the excessiveness of the verdict. The judgment is reversed and the cause is remanded for a new trial
REVERSED AND REMANDED
MADDOX, FAULKNER, EMBRY and ADAMS, JJ., concur