This is an appeal from a judgment entered on a $25,000 jury verdict in a breach of contract action. The defendant contends that the judgment must be reversed due to the trial court's failure to grant his motion for a directed verdict or a judgment notwithstanding the verdict. We affirm.
In February 1985, Edlee Johnson contacted a home builder, James Woodruff, and inquired whether he could build a new house for her. After examining house plans and discussing Johnson's housing needs, Woodruff and Johnson agreed that Woodruff would build a four-bedroom, three-bath house for $80,000, and they entered into a written contract. Johnson testified that she paid $80,000 to Woodruff for the house.
Johnson moved into the house when the construction was nearly completed, and upon doing so discovered numerous deficiencies. Some of the major deficiencies Johnson cited to the court include the following: chipped exterior bricks; a 10 1/2 inch crawlspace instead of the 24-inch crawlspace provided for in the building plans; rainwater falls into the fireplace and wind blows smoke from the fireplace into the house; the windows do not close completely; there was a leak in one of the bathrooms; and the wallpaper is peeling away from the walls. Johnson testified about several other problems with the house, and stated that, although she telephoned Woodruff's office three or four dozen times, he failed to correct the problems. An architectural engineer inspected Johnson's house and testified at trial about the repairs that needed to be made and about the estimated costs of these repairs.
On January 8, 1987, Johnson sued Woodruff, alleging breach of contract and fraud. Johnson also named the supplier of the exterior brick as a defendant, but she settled with that defendant before trial. After Johnson presented her evidence, Woodruff moved for a directed verdict on both counts. The trial court directed a verdict on the fraud count only. After hearing all of the evidence, the jury returned a $25,000 verdict in favor of Johnson on the breach of contract claim. Woodruff filed a motion for new trial or, in the alternative, for a judgment notwithstanding the verdict (JNOV). The trial court denied the motion, and Woodruff appealed.
Woodruff raises only one issue on appeal, and that is whether the trial court erred in denying his motion for a directed verdict on the breach of contract count. He claims that the directed verdict was due to be granted because Johnson had failed to plead or prove that she performed her obligations under the contract.
A directed verdict is properly granted only where there is a complete absence of proof on a material issue or where there are no disputed questions of fact for the jury's determination.Timmerman v. Fitts, 514 So.2d 907, 910 (Ala. 1987) . Upon review of a motion for a directed verdict or a JNOV, evidence must be viewed in the light most favorable to the nonmoving party, and if reasonable inferences in favor of the plaintiff's claim can be drawn from the evidence, the motion must be denied. Zaharavich v. Clingerman, 529 So.2d 978, 980 (Ala. 1988).
Based on our review of the record, we hold that Woodruff's motion for a directed verdict on the breach of contract count was properly denied because Johnson pleaded and offered evidence of payment of the contract price of $80,000, and offered evidence from which the jury could conclude that the defendant breached the contract to build the house according to the plans and specifications. Thus, contrary to Woodruff's assertion, the record was not barren of any allegation or evidence of Johnson's performance of her contractual duty to pay, and the breach of contract issue was properly submitted to the jury. The judgment *Page 1042 
of the circuit court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.