Talton and Jennifer Posey appeal from a judgment based on a jury verdict in favor of Talton Posey for $2,156.93 and in favor of Jennifer Posey for $3,200.
The Poseys filed this action against Willie McCray as a result of an automobile accident. The jury found in the Poseys' favor, and the trial court entered judgment in accordance with the verdict. The Poseys moved for a new trial, alleging inadequacy of damages. The motion was denied via Rule 59.1, Alabama Rules of Civil Procedure. The Poseys appeal.
The issue before this court is whether the trial court erred in refusing to grant a new trial for inadequacy of damages.
The assessment of damages is a matter within the jury's discretion. Nemec v. Harris, 536 So.2d 93 (Ala.Civ.App. 1988). Where liability is established, the assessment must include an amount at least as high as the uncontradicted special damages, as well as a reasonable amount as compensation for pain and suffering. Nemec. "[I]f there are special or compensatory damages and proof of some 'pain and suffering,' then there must be an award in excess of the special damages."Benson v. Vick, 460 So.2d 1309 (Ala.Civ.App. 1984).
A jury verdict is presumed to be correct on appeal. That presumption is strengthened when a motion for new trial has been denied. Sweet v. Foust, 419 So.2d 260 (Ala.Civ.App. 1982).
The Poseys contend the jury erred in failing to award them the actual damages they incurred as a result of the accident. They further complain that the jury erred *Page 154 
in failing to award them any compensation for their "pain and suffering."
The record reflects that the accident occurred in January 1988. McCray admitted at trial that the accident was his fault.
Talton Posey testified that as a result of the accident he suffered a broken wrist, closed head injury, and chest pain. At the time of the accident he was in the army. After the accident he was unable to do even the most mundane chores. The army placed him on limited duty (profile) until December 1988. He testified that his wrist still causes him pain.
Mr. Posey's medical records were introduced into evidence. They reflected that he incurred $2,156.23 in emergency medical treatment. There was testimony that the amount incurred was a reasonable amount.
As a result of the accident Jennifer Posey suffered lacerations to her forehead, eyebrow, and knee. The wound on her forehead required more than 50 stitches. She could not walk without assistance for two weeks after the accident. Her eyes, face, and head were swollen for approximately three weeks. Since the accident, she has suffered severe headaches and some back pains. She has missed work occasionally because of the pain. She testified that because of the accident she has developed certain phobias about driving.
Mrs. Posey has become very conscious of the scar on her forehead. She visited a plastic surgeon to discuss correcting the scar. The testimony revealed that it would cost $3,200 to correct the problem. This was stated to be a reasonable amount.
Mrs. Posey's medical records were introduced into evidence. They reflected that she incurred a cost of $1,609.56 in emergency medical treatment. There was testimony that the amount was reasonable.
The testimony concerning the medical expenses was uncontroverted. McCray suggests in brief that there was no testimony to prove that the medical expenses were necessary and reasonable. We disagree.
The medical expenses incurred were from the emergency medical attention that the Poseys received directly after the accident. There was no expert medical testimony concerning the necessity of the treatment because the treating physician was dead at the time of the hearing. The court allowed the evidence because the necessity of treatment was evident from the injury. There is no cross-appeal. The Executive Director of Enterprise Medical Clinic testified that the medical expenses were reasonable and that the figure quoted to Mrs. Posey for the plastic surgery to correct the deformity in her forehead was also reasonable.
We find the damages awarded to the Poseys to be inadequate. The evidence concerning the amount of past and future medical expenses was uncontroverted. The jury's award did not include the medical expenses Mrs. Posey incurred for the emergency medical attention she received. The award did not include any compensation for the undisputed and evident "pain and suffering" that the Poseys suffered because of the injuries. The Poseys were awarded compensatory damages and there was proof of some "pain and suffering." It follows, therefore, that the jury's award should have included a sum in excess of the compensatory damages. Benson v. Vick.
The trial court erred in failing to grant the Poseys' motion for new trial based on the inadequacy of the damages. The Poseys' motion is to be granted.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur. *Page 155