This suit concerns the ownership of two parcels of land, a 40-acre tract in Conecuh County and a 10-acre tract in Monroe County. The defendants appeal from a judgment based on a jury verdict in favor of the plaintiff.
The facts involving the 40-acre tract are as follows: On April 17, 1962, Lee Cobb conveyed the 40-acre tract to Amanda Stacey. Amanda Stacey devised the 40-acre tract to Stacey Bullock in April 1964. In December 1965, Stacey Bullock sued George Lee Cobb, the son of Lee Cobb, to recover damages for trespass on the 40-acre tract. On January 11, 1971, the Circuit Court of Conecuh County entered a judgment in favor of Stacey Bullock, finding that Bullock had acquired the 40-acre tract of land pursuant to Amanda Stacey's will. Stacey Bullock conveyed the 40 acres to MacMillan Bloedel, Inc. ("MacMillan"), on December 1, 1977.
The facts involving the 10-acre tract are as follows: On January 24, 1930, J.E. Cobb and Emma Cobb executed a document that read as follows (quoted just as it appears in the record): *Page 345 
 "[T]here being a mortgage on the . . . land, the said Lee Cobb hereby agrees to take up the justaments each from the date this instrument as they fall due and it is hereby agreed that in case the said Lee W. Cobb fails to pay the first of those instruments to the Federal Land Bank then this instrument is null and void and of no effect, now in case Lee W. Cobb pays the installments due each and satisfy the Bank and pays the difference if these by any to J.E. and Emma Cobb is to make the said Lee Cobb a Warranty Deed to said above described lands reserving the timber here on."
On November 25, 1939, Emma Cobb executed a warranty deed to Ralph Cobb for the 10-acre tract. The warranty deed was recorded on January 29, 1946. Ralph Cobb conveyed the 10-acre tract to MacMillan in 1980.
On January 17, 1985, MacMillan sued the heirs of Lee Cobb (George Lee Cobb, Joel Cobb, Brenda Cobb Gilmore, and Winifred Cobb) in order to quiet title to the 40-acre tract of land and the 10-acre tract of land. The jury found that both the 40-acre tract and the 10-acre tract were owned by MacMillan, and the court entered a judgment quieting title in MacMillan. The defendants moved for a new trial, which was denied by the trial court.
A jury verdict is presumed to be correct, and that presumption is strengthened when the trial judge refuses to grant a new trial. King v. W.A. Brown Sons, Inc.,585 So.2d 10 (Ala. 1991). In reviewing a jury verdict, the appellate court must consider the evidence in a light most favorable to the prevailing party and must set aside the verdict only if it is shown to be plainly and palpably wrong. Florence v.Kinder-Care Learning Center, Inc., 577 So.2d 1267 (Ala. 1991).
In an action to quiet title to real property, the plaintiff must prove that he was in actual or constructive possession of the property and that his possession was peaceable, as distinguished from scrambling or disputed; furthermore, there must be no suit pending at the time the suit is commenced testing the defendants' claims. Denson v. Gibson, 392 So.2d 523
(Ala. 1980). For purposes of a quiet title action, one is in constructive possession when he has a legal estate in fee in property and one is in peaceable possession when no other party is denying the fact of his possession. Thrift v. McConnell,564 So.2d 431 (Ala. 1990).
The defendants argue that Lee Cobb was incompetent when he conveyed the 40 acres to Amanda Stacey and, therefore, that the conveyance was void. The 1971 judgment concerning the 40 acres precludes the defendants from now questioning the competency of Lee Cobb. As to the 10-acre tract, the defendants argue that the document from L.W. and Emma Cobb to Lee Cobb was a quitclaim deed. The document is a contract for a deed to be given for future consideration. We note that there is no evidence as to whether Lee Cobb paid the mortgage on 10 acres. The defendants also make several other arguments, all of which are without merit.
Viewing the evidence in a light most favorable to MacMillan, we find it clear that MacMillan had constructive possession of both tracts of land and that its possession was peaceable. Accordingly, we affirm.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.