MONROE, Judge.
Mae Barnett appeals from a summary judgment in favor of Norfolk Southern Railway Company and train engineer J.K. Kill-ingsworth. Barnett appealed to the Alabama Supreme Court, which deflected it to this court pursuant to § 12-2-7(6), Ala.Code 1975.
The accident giving rise to this action occurred in Calhoun County at about 1:35 p.m. on December 6, 1992, at the intersection of Milligan Street and Norfolk Southern’s mainline track from Birmingham to Atlanta. Mae Barnett was a passenger in a pickup truck driven northbound by Lewis White. A coal train with five locomotives and 97 cars was traveling east when the pickup truck and train collided. When the accident occurred, the train was moving at about 45 to 50 miles per hour. The maximum speed in the railroad timetable for that location is 50 miles per hour, however, federal regulations allow a speed of 60 miles an hour at that location.
Both White and Barnett testified by deposition that White stopped before reaching the railroad track. White testified that he stopped about 30 to 40 feet from the track and looked up and down the track before proceeding. He testified that his view of the track was unimpaired at the point where he stopped. White pulled onto the track just as the train reached the crossing. The train hit the driver’s side of White’s truck.
Killingsworth, the engineer, testified by affidavit, that the truck did not stop before the collision. He further testified that the bell on the train was ringing and that the whistle was being sounded from the time the train passed the whistle board, which is west of the crossing, until after the collision. In his deposition, White, however, testified that he heard the whistle “right after” the collision and that “he blowed it three or four times on down the track.” When questioned by Barnett’s attorney as to when he initially heard the whistle, White stated that he heard it “on impact.” Barnett testified that she did not hear the train whistle until “about the time or a moment like right at that time” of the impact.
Photographs of the crossing where the accident occurred were shown to White at his deposition, and those photographs are in the record. The photographs indicate that there was nothing that would have prevented White from seeing the train from the place where he said he stopped the truck. White affirmed that the photographs depicted the scene as it looked on the day of the accident. He testified that there was a “slow mist” and that it was foggy on the day of the accident. However, he testified that he did not have his headlights on and that he was able to see well without his headlights on. Barnett agreed that it was not raining hard at the time of the accident.
White and Barnett’s initial complaint alleged various grounds for recovery against the railway and Killingsworth. They subsequently amended their complaint, to claim only that the railway and Killingsworth had failed to sound the whistle properly when the train approached the crossing, and thereby had breached an affirmative duty to warn motorists of the presence of an oncoming train.
The railway filed a motion for summary judgment, which White and Barnett opposed. The trial court entered a summary judgment in favor of the railway, holding that White was contributorily negligent and that his *720 negligence was the sole proximate cause of the accident. Only Barnett appeals.
To enter a summary judgment, the trial court must determine that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. Rule 56 is read in conjunction with the “substantial evidence rule,” § 12-21-12, Ala.Code 1975, for actions filed after June 11,1987. See Bass v. South-Trust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989).
“[T]o defeat a defendant’s properly supported motion for summary judgment, the plaintiff must present ‘substantial evidence,’ i.e., ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).” Altadena Valley Golf & Country Club v. Blue Cross & Blue Shield of Alabama, 644 So.2d 913, 915 (Ala.1994).
“On a motion for summary judgment, when the movant makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmovant to show ‘substantial evidence’ in support of his or her position. Bean v. Craig, 557 So.2d 1249,1252 (Ala.1990).” Altadena Valley Golf & Country Club, 644 So.2d at 915.
The trial court entered the summary judgment upon its holding that White, the driver of the pickup truck, was contribu-torily negligent, and that his negligence was the sole proximate cause of the accident. Although White did not appeal from the trial court’s judgment, we note that generally, the issue o'f whether a person is contributorily negligent is a question of fact for the jury. Adams v. Coffee County, 596 So.2d 892 (Ala.1992); Electric Serv. Co. of Montgomery v. Dyess, 565 So.2d 244 (Ala.1990). “Even where the evidence does not conflict, the question whether a person has exercised due care is still normally a question of fact for the jury to determine.” Adams, supra, at 895.
Apart from the trial court’s holding that White was contributorily negligent, we hold that the trial court erred in entering the summary judgment against Barnett, the passenger in the truck. “[T]o impute the negligence of the driver of an automobile to a passenger, the passenger must have had some authority or control over the car’s movement, such as some right to a voice in the management or direction of the automobile. [Citations omitted.] A passenger is not relieved from all personal care for his or her own safety, but instead has the duty to exercise reasonable care to prevent injury.” Id. The contributory negligence of a driver does not bar a passenger’s right to recovery against a third party if the passenger is otherwise entitled to recovery. Alewine v. Southern Ry., 531 So.2d 315 (Ala.1988).
Barnett contends that the railroad and engineer failed to sound the train whistle as the train approached the crossing; therefore, she says, the defendants breached an affirmative duty to warn motorists of an oncoming train. The facts in this case are in dispute. The evidence submitted by the plaintiffs tends to show that the driver of the ear stopped and looked up and down the train track through a misty fog. In their affidavits, the plaintiffs testified that the train did not blow its whistle until it hit the car at the train crossing. The evidence submitted by the defendants, on the other hand, tends to show that the car’s driver did not stop before reaching the train tracks, and that the train’s whistle was sounding before the train reached the crossing.
Barnett has provided the substantial evidence required to defeat the defendants’ motion for summary judgment. A jury, and not the trial court, must hear the evidence and determine whether Barnett, as a passenger in the pickup truck, is entitled to recover from the defendants. Therefore, the trial court erred in entering a summary judgment against Barnett.
The judgment is reversed, and this case is remanded to the circuit court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.