855 So.2d 523 (2002)
Heather Teresa BERGOB and Charles T. Bergob
v.
George E. SCRUSHY.
George E. Scrushy and Julie S. Scrushy
v.
Heather Teresa Bergob.
2001252.
Court of Civil Appeals of Alabama.
September 6, 2002.
Certiorari Petition Denied January 24, 2003.
*526 John M. Peek of Peek & Weaver, P.C., Andalusia, for appellants/cross-appellees Heather Teresa Bergob and Charles T. Bergob.
Charles H. Volz III of Volz & Williams, P.C., Montgomery, for appellee George E. Scrushy and cross-appellants George E. Scrushy and Julie S. Scrushy.
Julie Scrushy's Certiorari Petition Denied January 24, 2003
Alabama Supreme Court 1012328.

On Applications for Rehearing
THOMPSON, Judge.
The opinion of April 19, 2002, is withdrawn and the following is substituted therefor.
George E. Scrushy and Julie Scrushy (hereinafter together referred to as "the plaintiffs") sued Heather Teresa Bergob and her father Charles T. Bergob (hereinafter together referred to as "the defendants"), seeking damages for injuries they sustained in an automobile accident. In their complaint, the plaintiffs alleged that Heather Bergob had negligently and/or wantonly caused the accident, and that Charles Bergob had negligently or wantonly entrusted his automobile to Heather Bergob. Heather Bergob answered and denied liability. Charles Bergob filed a motion for a summary judgment on the plaintiffs' claims against him; on February 21, 2001, the trial court granted that motion. The defendants later filed an offer of judgment.
The case proceeded to trial, and the plaintiffs' claims against Heather Bergob were submitted to a jury. The jury returned a verdict in favor of Heather Bergob on George Scrushy's claims, and in *527 favor of Julie Scrushy on her claim against Heather Bergob; the jury awarded Julie Scrushy $7,500 in damages. The trial court entered a judgment on the jury's verdict.
The defendants filed a motion pursuant to Rule 68, Ala. R. Civ. P., seeking to tax costs against George Scrushy. The plaintiffs filed a postjudgment motion. The trial court conducted a hearing on the pending motions. The trial court entered an order denying the defendants' motion, and stating that it was taking the plaintiffs' motion "under advisement." The plaintiffs' postjudgment motion was denied by operation of law. The defendants appealed. The plaintiffs cross-appealed.
The parties were involved in an automobile accident. The accident occurred on June 12, 1996, in Troy, Alabama. The plaintiffs were traveling north on Highway 231, a four-lane highway with a middle turn lane. George Scrushy, the driver of the automobile in which the plaintiffs were traveling, testified that he activated his right-turn signal and then changed traffic lanes to travel in the right lane of northbound traffic.
Heather Bergob was driving an automobile owned by her father, Charles Bergob, and Joshua Sowell was the passenger in that automobile. Bergob and Sowell had purchased food from a McDonald's restaurant and were preparing to leave the McDonald's parking lot. The McDonald's parking lot was located to the right and some distance north of where the plaintiffs' automobile changed traffic lanes.
George Scrushy testified that after he changed lanes, he saw Heather Bergob's automobile stopped in the McDonald's parking lot waiting to turn onto the highway. Both George Scrushy and Julie Scrushy testified that Heather Bergob (hereinafter "Bergob") was looking away from them and that she was talking to her passenger. George Scrushy testified that he was accelerating to a speed of 35 to 40 miles per hour and that he was not preparing to make a right turn.
Bergob testified that the turn signal on the plaintiffs' automobile was blinking and that she assumed that George Scrushy planned to turn right before reaching her location. She testified that she believed the plaintiffs were traveling at approximately 35 to 40 miles per hour. Bergob testified that she "eased" into traffic and that her automobile collided with the plaintiffs' automobile.
Neither Bergob nor Joshua Sowell was injured in the accident. Sowell testified that he did not think that the impact of the collision was jarring. Julie Scrushy testified that the impact was hard and that, given the nature of the accident, she believed she was lucky to be alive. Both plaintiffs refused to be taken by ambulance to a hospital for treatment of their injuries. Both plaintiffs testified that they became sore and began suffering pain in their necks in the hours following the accident.
The plaintiffs sought treatment for their neck injuries from their family physician on the day after the accident. The plaintiffs later sought further medical treatment for their necks and shoulders. Both George Scrushy and Julie Scrushy testified that, as a result of the accident, they suffer pain daily and that their activities were greatly curtailed by the injuries they suffered in the automobile accident. We note that Bergob presented evidence indicating that the plaintiffs had some preexisting medical conditions and that, before the accident, the plaintiffs had sought treatment for some symptoms similar to those they suffered after the accident. One of Julie Scrushy's physicians, Dr. Swaid N. Swaid, testified that it was possible that Julie Scrushy might need disk fusion surgery *528 in the future, but that he would not perform that surgery as long as conservative treatments such as medication and physical therapy worked to alleviate her pain.
The trial court granted Bergob's motion for a judgment as a matter of law on the plaintiffs' claim alleging wantonness, and it granted Julie Scrushy's motion for a judgment as a matter of law on Bergob's defense alleging contributory negligence. The plaintiffs' claims of negligence and the issue whether Charles Scrushy was contributorily negligent were submitted to the jury. The jury found in favor of Bergob on Charles Scrushy's claims, but it found in favor of Julie Scrushy on her claims and awarded her $7,500 in damages.
"Initially, we note that a jury verdict is presumed to be correct and will not be disturbed unless it is plainly erroneous or manifestly unjust. Crown Life Ins. Co. v. Smith, 657 So.2d 821 (Ala.1994). The presumption that a jury verdict is correct is further strengthened by the trial court's denial of a motion for a new trial. Cobb v. MacMillan Bloedel, Inc., 604 So.2d 344 (Ala.1992). When reviewing a jury verdict, an appellate court must consider the evidence in a light most favorable to the prevailing party; we must presume that the jury drew from the facts any reasonable inferences necessary to support its verdict. Crown Life Ins. Co. v. Smith, supra; Martino v. Bruno's Inc., 681 So.2d 602 (Ala.Civ. App.1996)."
Thedford v. Payne, 813 So.2d 905, 907-08 (Ala.Civ.App.2001).
We first address the arguments raised in the plaintiffs' cross-appeal. The plaintiffs have raised both individual and joint issues on appeal. Neither plaintiff has argued that the trial court erred in entering a summary judgment in favor of Charles Bergob.
Julie Scrushy argues that the trial court erred in excluding some parts of the testimony of Randal McDaniel, Ph.D., regarding the cost of certain medical treatment that she may need in the future. Initially, we note that Julie Scrushy prevailed on her claims against Heather Bergob, and that in Alabama, a party who prevails on his or her claims may appeal only as to the issue of adequacy of damages. Ex parte Weyerhaeuser, 702 So.2d 1227 (Ala.1996). However, that rule does not bar an argument that "amounts to a challenge to the adequacy of the jury verdict." Ex parte Vincent, 770 So.2d 92, 93 (Ala.1999). We conclude that Julie Scrushy's argument on this issue relates to evidence that might have affected the jury's determination of the issue of damages; therefore, we address that issue. See Ex parte Vincent, supra.
Dr. McDaniel testified regarding the reasonable cost of possible future surgery for Julie Scrushy. Dr. McDaniel testified that he contacted various medical-services providers, obtained information regarding the cost of the proposed surgery, and then averaged those costs to determine a reasonable cost of that proposed surgery. Dr. McDaniel testified that the reasonable cost of the proposed surgery was $22,057. Julie Scrushy testified that she had Medicare and "C-Plus" insurance coverage. Bergob objected to Dr. McDaniel's testimony, arguing that in calculating the reasonable cost of the proposed surgery, Dr. McDaniel had failed to consider the "Medicare assignment," i.e., the amounts the medical-services providers would charge Medicare for the surgery. On cross-examination, Dr. McDaniel acknowledged that he had not considered the "Medicare assignment." The trial court initially allowed Dr. McDaniel's testimony, but, later *529 in the trial, it determined that Dr. McDaniel's testimony was "rendered incompetent" because he did not consider the Medicare assignment. The trial court excluded that part of Dr. McDaniel's testimony relating to the reasonable cost of the proposed surgery. In so ruling, the trial court cited Marsh v. Green, 782 So.2d 223 (Ala.2000). In Marsh v. Green, supra, our supreme court overruled a previous determination that the collateral-source rule was unconstitutional.
Initially, we note that "[a] ruling on the admissibility of expert testimony is largely within the discretion of the trial court and will not be overturned unless there has been an abuse of discretion." Tidwell v. Upjohn Co., 626 So.2d 1297, 1300 (Ala.1993). The scope of an expert's testimony is also within the trial court's discretion. W.S. v. T.W., 585 So.2d 26 (Ala.1991). "The competency and qualifications of a person offered as an expert witness are largely left to the trial court's discretion." Id. at 28.
On appeal, Julie Scrushy argues that the trial court erred in excluding Dr. McDaniel's testimony; in support of her argument, she cites only Joiner v. Medical Center East, Inc., 709 So.2d 1209 (Ala. 1998). In Joiner v. Medical Center East, Inc., supra, our supreme court held that a hospital could recover the full amount of its charges for a patient's medical treatment from the proceeds of the patient's settlement with the liability insurer of the person who caused the patient's injuries.
Relying on Joiner, supra, Julie Scrushy argues that the provider of her proposed surgery would have the right to obtain the full amount of its bill for that proposed surgery. However, she does not explain how that argument relates to the issue whether Dr. McDaniel's testimony was admissible. We simply cannot say that Julie Scrushy has established in her brief on appeal that the trial court abused its discretion in excluding Dr. McDaniel's testimony. See Tidwell v. Upjohn Co., supra; W.S. v. T.W., supra.
Julie Scrushy also argues that the trial court erred in denying her motion for a new trial on the issue of the adequacy of damages. An award of damages is a matter within the discretion of the jury. Smith v. Darring, 659 So.2d 678 (Ala.Civ. App.1995). Any award of damages must include an amount for the uncontradicted special damages, plus any amounts for pain and suffering. Posey v. McCray, 594 So.2d 152 (Ala.Civ.App.1992). Appellate courts afford a presumption of correctness in favor of a jury's verdict, and that presumption is strengthened where the trial court denies a motion for a new trial. Thedford v. Payne, supra; Posey v. McCray, supra. A jury's award of damages may not be set aside as inadequate unless it "`is the result of passion, prejudice, or other improper motive.'" Kite v. Word, 639 So.2d 1380, 1381 (Ala.Civ.App. 1994) (quoting Stricklin v. Skipper, 545 So.2d 55, 56 (Ala.Civ.App.1988)).
Although the party seeking damages is not required to prove damages to a mathematical certainty, an award of damages may not be based on speculation or conjecture. Jamison, Money, Farmer & Co. v. Standeffer, 678 So.2d 1061 (Ala. 1996). See also Smith v. Darring, 659 So.2d 678 (Ala.Civ.App.1995). The burden is on the party claiming damages to present evidence regarding the amount of damages he or she allegedly suffered. Johnson v. Harrison, 404 So.2d 337 (Ala.1981).
In this case, Julie Scrushy argues that she presented undisputed evidence of special damages that far exceeded the jury's award of $7,500 in damages. The "uncontradicted" damages to which Scrushy refers are a total of $21,749 in *530 physical therapy expenses she incurred after the accident and before the date of the trial of this matter. Julie Scrushy also presented evidence regarding the cost of the proposed future surgery; that evidence was later excluded.
"A jury is not bound to award medical expenses merely because they were incurred. Brannon v. Webster, 562 So.2d 1337, 1339 (Ala.Civ.App.1990) (jury verdict of $907, when plaintiff proved special damages in excess of $100,000, upheld). The fact that a plaintiff's medical bills are admitted into evidence without objection does not necessarily mean that they are undisputed; it may be that the jury believed the plaintiff's medical expenses were not incurred as a result of the defendant's negligence. Id. See also Stricklin v. Skipper, 545 So.2d 55 (Ala. Civ.App.1988)."
Bennich v. Kroger Co., 686 So.2d 1256, 1257 (Ala.Civ.App.1996).
Our review of the record indicates that the evidence regarding damages for Julie Scrushy's pain and suffering was in dispute. Bergob disputed Julie Scrushy's evidence that she required medical treatment after the accident. Bergob presented evidence indicating that Julie Scrushy had not reported to her physicians the symptoms to which she testified at trial, and she presented evidence indicating that before the accident, Julie Scrushy had many of the same symptoms. Dr. Swaid testified that it was possible, but not probable, that Julie Scrushy would need surgery in the future. Dr. Swaid testified that he would recommend that Julie Scrushy have the surgery only if the more conservative methods of treatment, such as pain medications and physical therapy, did not alleviate her pain. "Where there is conflicting evidence as to the proximate cause of the plaintiff's injuries, it is for the jury to determine whether the plaintiff's medical expenses were caused by the defendant's negligence." Bennich v. Kroger Co., 686 So.2d at 1257. Therefore, because the evidence in the record regarding Julie Scrushy's damages was disputed, we are unable to say that Julie Scrushy has demonstrated that the jury's damages award was inadequate.
George Scrushy appeals on the issue of contributory negligence. We agree with George Scrushy's contention that because the jury found in favor of Julie Scrushy, but against him, the jury found that he was contributorily negligent. See Banks v. Harbin, 500 So.2d 1027 (Ala. 1986) (the negligence of a driver may not be imputed to his passenger); Barnett v. Norfolk S. Ry., 671 So.2d 718, 720 (Ala.Civ. App.1995) (any contributory negligence of a driver does not bar his passenger's recovery in an action against a third party). George Scrushy argues that the trial court erred in submitting the defense of contributory negligence to the jury; he contends the trial court should have granted his motion for a judgment as a matter of law as to that issue.
"Our review of the trial court's ruling on a motion for a directed verdict [now a judgment as a matter of law] is de novo. Driver v. National Sec. Fire & Cas. Co., 658 So.2d 390, 392 (Ala.1995).
"`The standard of review applicable to a directed verdict or to a denial of a motion for a directed verdict is whether the nonmoving party has presented substantial evidence in support of his position. If he has not, then a directed verdict is proper. Bailey v. Avera, 560 So.2d 1038, 1039 (Ala.1990). A verdict is properly directed only where there is a complete absence of proof on a material issue or where there are no disputed questions of fact for the jury to determine. Woodruff v. Johnson, 560 So.2d 1040 (Ala.1990). *531 Moreover, whether to direct a verdict is not a matter within the discretion of the trial court; on review no presumption of correctness attaches to such a ruling. McCord v. McCord, 575 So.2d 1056, 1057 (Ala.1991); Barksdale v. St. Clair County Comm'n, 540 So.2d 1389 (Ala.1989).'

"K.S. v. Carr, 618 So.2d 707, 713 (Ala. 1993)."
Cackowski v. Wal-Mart Stores, Inc., 767 So.2d 319, 326 (Ala.2000).
George Scrushy testified that he had deactivated his turn signal after he changed lanes of traffic and that his turn signal was not activated at the time of the accident. However, for the purposes of his argument on appeal as to the issue of contributory negligence, George Scrushy assumes that his turn signal was activated; he contends that even assuming that fact, the trial court erred in not finding, as a matter of law, that he was not contributorily negligent. In addressing George Scrushy's argument as to this issue, we also assume that his automobile's turn signal was activated.
"`Contributory negligence is an affirmative and complete defense to a claim based on negligence.' Ridgeway v. CSX Transp. Inc., 723 So.2d 600, 606 (Ala. 1998). Furthermore, `the question of the existence of contributory negligence is normally one for the jury.' Wyser v. Ray Sumlin Constr. Co., 680 So.2d 235, 238 (Ala.1996). It is `only when the facts are such that all reasonable men must draw the same conclusion that contributory negligence is ever a question of law for the court.' Id."

Mitchell v. Torrence Cablevision USA, Inc., 806 So.2d 1254, 1257 (Ala.Civ.App. 2000).
George Scrushy testified that he activated his turn signal to indicate his intention to change lanes of traffic and that the Alabama Rules of the Road required him to do so. See § 32-5A-133(a), Ala.Code 1975. George Scrushy testified that shortly after he changed lanes, he saw Bergob's automobile waiting to enter traffic. George Scrushy testified that he was accelerating and that he did not intend to make a right turn off the highway before he reached her automobile. George Scrushy testified that just as he was drawing near the location where Bergob's automobile sat, he realized that Bergob was going to pull into traffic and collide with his automobile.
Bergob testified that at the time she saw the plaintiffs' automobile, the turn signal on the plaintiffs' automobile was activated. Bergob further testified that, given the rate of speed of the plaintiffs' automobile, she assumed George Scrushy planned to turn. Bergob then testified that the plaintiffs' automobile was traveling at "a fast rate of speed." She admitted that she normally did not make right turns at a speed of 35 miles per hour. Bergob stated that "[b]ecause he had his blinker on, I assumed that he was going to turn." Bergob testified that she was looking in front of her automobile as she "eased" into traffic. It is undisputed that Bergob's automobile entered the lane of traffic and struck the front passenger-side door of the plaintiffs' automobile.
George Scrushy maintains that Bergob, as a driver of an automobile about to enter the road, failed to properly yield the right of way. "The driver of a vehicle about to enter or cross a roadway from any place other than another roadway shall yield the right-of-way to all vehicles approaching on the roadway to be entered or crossed." § 32-5A-114, Ala.Code 1975. "[T]he word `shall' is to be afforded a mandatory connotation when it appears in a statute." State Pers. Bd. v. Prestwood, *532 702 So.2d 176, 179 (Ala.Civ.App.1997). See also Hornsby v. Sessions, 703 So.2d 932 (Ala.1997); State of Alabama Dep't of Transp. v. McLelland, 639 So.2d 1370 (Ala. 1994). Bergob does not dispute that she failed to yield the right of way to the plaintiffs' automobile. In support of her defense of contributory negligence, Bergob testified only that she "assumed" that George Scrushy planned to turn. However, § 32-5A-114 provides that Bergob, as a driver of an automobile about to enter a road, must yield to oncoming traffic. That section does not qualify that requirement with an exception in situations in which a driver makes an assumption regarding the actions another driver will take. Given the evidence in the record and the clear language of § 32-5A-114, Ala.Code 1975, we must conclude that the trial court erred, as a matter of law, in denying George Scrushy's motion for a judgment as a matter of law on the issue of contributory negligence.
The plaintiffs argue in their brief on appeal that the trial court erred in granting Bergob's motion for a judgment as a matter of law on their wantonness claim. The plaintiffs do not make any reference to the record in support of their argument, and they do not cite any law regarding the issue of wantonness, in contravention of Rule 28, Ala. R.App. P. Further, our review of the record indicates that the plaintiffs did not present evidence tending to support their claim that Bergob acted wantonly. We conclude that the plaintiffs have failed to demonstrate error as to this issue.
In their appeal to this court, the defendants argue that the trial court erred in refusing to require George Scrushy to pay the costs they incurred after they made an offer of judgment pursuant to Rule 68, Ala. R. Civ. P. That rule provides in part:
"At any time more than fifteen (15) days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within ten (10) days after the service of the offer, the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer."

Rule 68, Ala. R. Civ. P. (emphasis added).
Because this court has reversed the trial court's judgment on the issue of the defense of contributory negligence, we cannot determine at this stage whether Bergob will ultimately obtain a verdict and judgment more favorable than her offer of judgment to George Scrushy. See Rule 68, Ala. R. Civ. P. Therefore, we pretermit discussion of this issue.
We affirm the trial court's judgment as it relates to Julie Scrushy. Because we have concluded that the trial court erred in submitting to the jury the issue whether George Scrushy was contributorily negligent, we must remand this action to the trial court for a new trial on George Scrushy's claims against Bergob.
OPINION OF APRIL 19, 2002, WITHDRAWN; OPINION SUBSTITUTED; APPLICATIONS OVERRULED; AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
*533 YATES, P.J., and PITTMAN, J., concur.
CRAWLEY and MURDOCK, JJ., dissent.
CRAWLEY, Judge, dissenting.
I believe the trial court erred by excluding parts of the testimony of Julie Scrushy's expert, Dr. Randal McDaniel. I also believe the trial court correctly submitted to the jury the issue whether Charles Scrushy was contributorily negligent. Therefore, because I would reverse the trial court's judgment as it relates to Julie Scrushy and affirm the trial court's judgment as it relates to George Scrushy, I dissent.
Dr. McDaniel's testimony as to the reasonable cost of possible future surgery for Julie Scrushy was admissible, despite the fact that McDaniel failed to consider the "Medicare assignment" for the surgery. Compare Haleyville Health Care Ctr. v. Winston County Hosp. Bd., 678 So.2d 789, 794 (Ala.Civ.App.1996) (recognizing that "a hospital's charges for a Medicare patient `in part reflect what Medicare pays'") with Joiner v. Medical Ctr. East, Inc., 709 So.2d 1209, 1210 (Ala.1998) (recognizing that Congress changed Medicare from a primary payer to a secondary payer "when proceeds covering a [Medicare] beneficiary's medical bill are due from a third-party tortfeasor's liability insurer" and holding that a hospital has the right under applicable federal law to obtain full payment of its charges from the proceeds of an insurance settlement with the Medicare-eligible plaintiff patient).
The question of George Scrushy's contributory negligence was properly left up to the jury. See Bogue v. R & M Grocery, 553 So.2d 545, 547 (Ala.1989) (stating that contributory negligence is usually a question of fact for the jury). Although Judge Thompson's opinion correctly states that § 32-5A-114 required Bergob, as the driver of an automobile about to enter a road, to yield the right-of-way to oncoming traffic, "right of way does not exist ... in isolation and is not absolute. Other factors must be considered." Wardell v. Jerman, 18 Utah 2d 359, 362, 423 P.2d 485, 486 (1967).
In Wardell, the Utah Supreme Court decided that whether a driver was negligent in relying on another driver's turn signal and assuming that the signaling driver was going to turn was a jury question. The court stated:
"It would not be at variance with reason for the jury to have visualized the situation thus: that the plaintiff's left-turn signal was turned on so early that it [led] the defendant to believe that plaintiff was going to turn at this intersection; that the defendant reasonably could place some reliance on this indication and assume safety in making his own left turn; that the defendant's conduct was thus within the standard of due care under the circumstances; and no more at fault than was plaintiff in causing the accident."
Wardell, 18 Utah 2d at 362, 423 P.2d at 486.
There is a split of authority concerning whether a motorist's failure to act in conformity with a turn signal he has given constitutes negligence or contributory negligence. See Michael J. Yaworsky, Annotation, Negligence or Contributory Negligence of Motorist in Failing to Proceed in Accordance With Turn Signal Given, 84 A.L.R.4th 124 (1991). In Jackson v. Warrum, 535 N.E.2d 1207 (Ind.Ct.App.1989), the Indiana Court of Appeals held that a question of fact as to contributory negligence was presented when a motorist signaled a turn but proceeded straight after signaling, despite the fact that the oncoming motorist, who collided with the signaling driver, had a statutory duty to yield *534 before turning across a lane of traffic. The court stated:
"A motorist may be found negligent for proceeding straight after signaling a turn. The plaintiffs appear to argue ... that [their decedent] had no statutory duty to cancel his turn signal, and therefore, the fact that he did not cancel the turn signal should not have been presented to the jury. The plaintiffs' argument fails. The issue of the motorist's contributory negligence depends on all the facts and circumstances of the case including but not limited to the motorist's use of a turn signal, the slowing of speed, the motorist's lane of travel, and all other facts that bear on the motorist's apparent intention to turn."
535 N.E.2d at 1211 (citations omitted). Although there is contrary authority, I would affirm the trial court's judgment because I believe the cases holding that negligence (or contributory negligence) is a jury question under all the circumstances are the better-reasoned decisions.
MURDOCK, J., concurs.