I believe the trial court erred by excluding parts of the testimony of Julie Scrushy's expert, Dr. Randal McDaniel. I also believe the trial court correctly submitted to the jury the issue whether Charles Scrushy was contributorily negligent. Therefore, because I would reverse the trial court's judgment as it relates to Julie Scrushy and affirm the trial court's judgment as it relates to George Scrushy, I dissent.
Dr. McDaniel's testimony as to the reasonable cost of possible future surgery for Julie Scrushy was admissible, despite the fact that McDaniel failed to consider the "Medicare assignment" for the surgery. CompareHaleyville Health Care Ctr. v. Winston County Hosp. Bd., 678 So.2d 789,794 (Ala.Civ.App. 1996) (recognizing that "a hospital's charges for a Medicare patient `in part reflect what Medicare pays'") with Joiner v.Medical Ctr. East, Inc., 709 So.2d 1209, 1210 (Ala. 1998) (recognizing that Congress changed Medicare from a primary payer to a secondary payer "when proceeds covering a [Medicare] beneficiary's medical bill are due from a third-party tortfeasor's liability insurer" and holding that a hospital has the right under applicable federal law to obtain full payment of its charges from the proceeds of an insurance settlement with the Medicare-eligible plaintiff patient).
The question of George Scrushy's contributory negligence was properly left up to the jury. See Bogue v. R M Grocery, 553 So.2d 545, 547
(Ala. 1989) (stating that contributory negligence is usually a question of fact for the jury). Although Judge Thompson's opinion correctly states that § 32-5A-114 required Bergob, as the driver of an automobile about to enter a road, to yield the right-of-way to oncoming traffic, "right of way does not exist . . . in isolation and is not absolute. Other factors must be considered." Wardell v. Jerman, 18 Utah 2d 359,362, 423 P.2d 485, 486 (1967).
In Wardell, the Utah Supreme Court decided that whether a driver was negligent in relying on another driver's turn signal and assuming that the signaling driver was going to turn was a jury question. The court stated:
 "It would not be at variance with reason for the jury to have visualized the situation thus: that the plaintiff's left-turn signal was turned on so early that it [led] the defendant to believe that plaintiff was going to turn at this intersection; that the defendant reasonably could place some reliance on this indication and assume safety in making his own left turn; that the defendant's conduct was thus within the standard of due care under the circumstances; and no more at fault than was plaintiff in causing the accident."
Wardell, 18 Utah 2d at 362, 423 P.2d at 486.
There is a split of authority concerning whether a motorist's failure to act in conformity with a turn signal he has given constitutes negligence or contributory negligence. See Michael J. Yaworsky, Annotation, Negligence or Contributory Negligence of Motorist in Failingto Proceed in Accordance With Turn Signal Given, 84 A.L.R.4th 124 (1991). In Jackson v. Warrum, 535 N.E.2d 1207 (Ind.Ct.App. 1989), the Indiana Court of Appeals held that a question of fact as to contributory negligence was presented when a motorist signaled a turn but proceeded straight after signaling, despite the fact that the oncoming motorist, who collided with the signaling driver, had a statutory duty to yield *Page 534 
before turning across a lane of traffic. The court stated:
 "A motorist may be found negligent for proceeding straight after signaling a turn. The plaintiffs appear to argue . . . that [their decedent] had no statutory duty to cancel his turn signal, and therefore, the fact that he did not cancel the turn signal should not have been presented to the jury. The plaintiffs' argument fails. The issue of the motorist's contributory negligence depends on all the facts and circumstances of the case including but not limited to the motorist's use of a turn signal, the slowing of speed, the motorist's lane of travel, and all other facts that bear on the motorist's apparent intention to turn."
535 N.E.2d at 1211 (citations omitted). Although there is contrary authority, I would affirm the trial court's judgment because I believe the cases holding that negligence (or contributory negligence) is a jury question under all the circumstances are the better-reasoned decisions.
Murdock, J., concurs.