MOORE, Chief Justice
(dissenting).
I dissent from the decision to deny Heather Bergob’s petition for a writ of certiorari. The jury found in favor of Ber-gob on Scrushy’s negligence claim. The Court of Civil Appeals reversed the judgment entered on that jury verdict and remanded the case for the trial court to enter a judgment as a matter of law for Scrushy on the issue of contributory negligence.
The facts of the case as related in the opinion of the Court of Civil Appeals are necessary for an understanding of that decision and of why I must dissent from denying certiorari review.
“The parties were involved in an automobile accident. The accident occurred on June 12, 1996, in Troy, Alabama. The plaintiffs were traveling north on Highway 231, a four-lane highway with a middle turn lane. George Scrushy, the driver of the automobile in which the *535 plaintiffs were traveling, testified that he activated his right-turn signal and then changed traffic lanes to travel in the right lane of northbound traffic.
“Heather Bergob was driving an automobile owned by her father, Charles Bergob, and Joshua Sowell was the passenger in that automobile. Bergob and Sowell had purchased food from a McDonald’s restaurant and were preparing to leave the McDonald’s parking lot. The McDonald’s parking lot was located to the right and some distance north of where the plaintiffs’ automobile changed traffic lanes.
“George Scrushy testified that after he changed lanes, he saw Heather Ber-gob’s automobile stopped in the McDonald’s parking lot waiting to turn onto the highway. Both George Scrushy and Julie Scrushy testified that Heather Bergob (hereinafter ‘Bergob’) was looking away from them and that she was talking to her passenger. George Scrushy testified that he was accelerating to a speed of 35 to 40 miles per hour and that he was not preparing to make a right turn.
“Bergob testified that the turn signal on the plaintiffs’ automobile was blinking and that she assumed that George Scrushy planned to turn right before he reached her location. She testified that she believed the plaintiffs were traveling at approximately 35 to 40 miles per hour. Bergob testified that she ‘eased’ into traffic and that her automobile collided with the plaintiffs’ automobile.
“Neither Bergob nor Joshua Sowell was injured in the accident. Sowell testified that he did not think that the impact of the collision was jarring. Julie Scrushy testified that the impact was hard and that, given the nature of the accident, she believed she was lucky to be alive. Both plaintiffs refused to be taken by ambulance to a hospital for treatment of their injuries. Both plaintiffs testified that they became sore and began suffering pain in their necks in the hours following the accident.”
Bergob v. Scrushy, 855 So.2d 523, 527 (Ala.Civ.App.2002).
The Court of Civil Appeals rested its decision on the issue whether George Scrushy had been contributorily negligent in causing the accident. After reviewing Scrushy’s argument that the trial judge should have granted his motion for judgment as a matter of law as to the contributory-negligence issue, the Court of Civil Appeals reversed the trial court’s judgment on that issue. I disagree with that decision.
The Court of Civil Appeals began its discussion of the issue by quoting from prior cases the proposition that a jury verdict is entitled to great deference by an appellate court:
“ ‘ “[T]he question of the existence of contributory negligence is normally one for the jury.” Wyser v. Ray Sumlin Constr. Co., 680 So.2d 235, 238 (Ala.1996). It is “only when the facts are such that all reasonable men must draw the same conclusion that contributory negligence is ever a question of law for the court.” Id’
“Mitchell v. Torrence Cablevision USA, Inc., 806 So.2d 1254, 1257 (Ala.Civ.App.2000).”
Bergob, 855 So.2d at 531. But the Court of Civil Appeals then went on to define the issue in such a way as to render it a question of law and thus one not proper for jury determination.
The Court of Civil Appeals determined that Bergob’s decision to enter the lane of traffic in which Scrushy was driving placed upon Bergob a duty, as a matter of law, to *536 yield to anyone in that lane. § 32-5A-114, Ala.Code 1975. However, the jury may have considered Scrushy negligent because of his speed, his inattentiveness, or because he failed to avoid an accident that he could have avoided. It is not the duty of appellate courts to usurp the deliberations of the jury.
“The strength of the jury verdict is based upon the right to trial by jury, White v. Fridge, 461 So.2d 793 (Ala. 984), and a jury verdict is presumed to be correct. Alpine Bay Resorts, Inc. v. Wyatt, 539 So.2d 160, 162 (Ala.1988). This presumption is strengthened by the trial court’s denial of a motion for a new trial.
“ ‘When a jury is the trier of fact, it is not for the trial judge, nor an appellate court, to attempt to determine with mathematical certainty that all of the various elements of evidence offered by the parties regarding specific costs and credits precisely equal the amount of the jury’s verdict. We do not have trial by computer, nor do we have post-trial, or appellate review by the computer. The reviewing court does not substitute its own judgment as to the amount of damages for that of the trier of fact.’
“G.M. Mosley Contractors, Inc. v. Phillips, 487 So.2d 876, 879 (Ala.1986). See, also, Hollis v. Wyrosdick, 508 So.2d 704 (Ala.1987).
“ ‘Upon review of a jury verdict, we presume that the verdict was correct; we review the tendencies of the evidence most favorably to the prevailing party; and we indulge such reasonable inferences as the jury was free to draw from the evidence. We will not overturn a jury verdict unless the evidence against the verdict is so much more credible and convincing to the mind than the evidence supporting the verdict that it clearly indicates that the jury’s verdict was wrong and unjust.’ ”
Charter Hospital of Mobile, Inc. v. Weinberg, 558 So.2d 909, 911 (Ala.1990).
An appellate court is ill-equipped to review all the different fact situations that are possible in this case. The jury apparently believed the testimony of Bergob over that of Scrushy because Scrushy claimed at trial that he did not have his right-turn signal on as he approached Ber-gob’s vehicle and that Bergob was not even looking at him when he was in the lane Bergob entered from the McDonald’s restaurant parking lot. We cannot know all the facts and circumstances the jury considered in reaching a verdict.
The trial court was correct in denying Scrushy’s motion for judgment as a matter of law on the contributory-negligence issue and in allowing that issue to go to the jury. Therefore, the opinion of the Court of Civil Appeals conflicts with precedent of this Court and of the Court of Civil Appeals, which says that a jury decides the issue of contributory negligence. I would grant the petition. Therefore, I respectfully dissent.